IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARRYL BROWN,

                        Plaintiff,                      OPINION AND ORDER

   v.

                                                    23-cv-834-wmc

COUNTY OF EAU CLAIRE and
EAU CLAIRE COUNTY SHERIFF
DAVE RIEWESTAHL,

                        Defendants.

Plaintiff Darryl T. Brown, Jr., who represents himself, was in the custody of the Eau Claire County Sheriff at the time he filed this lawsuit. He brings this action against Eau Claire County and Eau Claire Sheriff Dave Riewestahl for allegedly providing him with food containing glass while at the county jail and denying him access to the courts. Because Brown was incarcerated at the time he filed this action and has not prepaid the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. The court accepts Brown's allegations as true and construes them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this standard, however, Brown's allegations are not sufficient to state any plausible federal claim.

## ALLEGATIONS[1]

On October 23, 2023, Brown received a "veggie tray" meal from staff at the Eau Claire County Jail, which had been made at the jail's kitchen. While eating his meal, Brown bit down on and ingested glass. He sustained several cuts on the roof of his mouth and tongue. Brown subsequently reported feeling like he had glass in his throat and saliva. In the following days, Brown spit up blood and experienced chest pain. On October 25, Brown was seen by jail medical staff, who ordered a chest X-ray. The next day, Brown also requested a tetanus shot and "bag meal[,]" to avoid aggravating the cuts in his mouth. Those complaints, as well as Brown's subsequent request to be taken to the hospital, were all denied. Brown was also denied the opportunity to view the jail's policies regarding food inspection, as well as the opportunity to file additional grievances to address his case.

## OPINION

As an initial matter, the court must ordinarily determine what legal standards to apply to plaintiff's claims, as different constitutional amendments apply depending on the reason for the inmate's confinement. *See Ortiz v. City of Chi.*, 656 F.3d 523, 530 (7th Cir. 2011) (protections of the Fourth Amendment apply at arrest and through the probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction). Here, the Wisconsin Offender Detail website lists Brown as being released from the custody of the Wisconsin Department of Corrections ("DOC") on

---

[1] Plaintiff alleges the following facts in his complaint, which the court accepts as true for purposes of screening.

extended supervision in December of 2020 and returned to DOC custody on an admitted probation violation in May of 2024, which was months after the alleged incident.  *See* https://appsdoc.wi.gov/lop/details/detail (last visited Sep. 23, 2024).  Also, Eau Claire County Circuit Court records show that he had several new criminal charges in the summer and fall of 2023.  *See* https://wcca.wicourts.gov/ (last visited Sept. 23, 2024).  It is unclear from plaintiff's complaint whether there had been a judicial finding of probable cause in any of his cases by the time he purportedly ingested glass or was denied access to the courts.

Plaintiff alleges that his constitutional rights were violated because he ate food containing a foreign object.  However, an isolated incident of being served contaminated food does not rise to a constitutional violation under any applicable standard.  *Perez v. Sullivan*, 100 F. App'x 564 (7th Cir. 2004) (allegation that detainee became sick from single incident of being served spoiled milk failed to state claim); *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (one instance of food poisoning cannot state conditions-of-confinement claim).  While an *ongoing* problem of foreign objects in jail or prison food can state a claim for deliberate indifference, *Green v. Beth*, 663 F. App'x 471 (7th Cir. 2016), plaintiff does not allege that he encountered glass in his food more than once.  Though the staff preparing plaintiff's food may have been negligent, negligence alone does not violate the Constitution.  *McGowan v. Hulick*, 612 F.3d 646, 640 (7th Cir. 2010).  And although plaintiff sought -- and was denied -- a tetanus shot, he is similarly not entitled to the medical care of his choosing at the time he desires.  *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *Forbes v. Edgar*, 112 F.3d 262, 266-67 (7th Cir. 1997).  While it is unfortunate that plaintiff may have accidentally ingested a piece of glass, that

3

does not mean that his constitutional rights were violated.

Plaintiff also alleges that he was denied additional grievances and the opportunity to view the jail's policies and procedures regarding food inspection. However, there is no constitutional right to a grievance procedure. Allegations about an ineffective grievance procedure or the failure to follow it do not state a constitutional claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In addition, the failure to follow internal jail policies -- or, by extension, a plaintiff's inability to view them -- does not state a constitutional claim. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to . . . legal materials is not itself a violation of a prisoner's rights."). In any event, because the failure to adhere to those policies would not constitute a cognizable claim, plaintiff could not have been injured by his inability to view them such that he experienced an actual, actionable injury. *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012).

Finally, plaintiff fails to identify any defendant that can be held liable for the claims he seeks to bring. To the extent that plaintiff seeks to name the Eau Claire Sheriff's Department or Jail as defendants, neither is a legal entity that is distinct from the county, and therefore, they cannot be sued on their own. *Whiting v. Marathon Cty. Sheriff's Dep't.*, 382 F.3d 700, 704 (7th Cir. 2004). However, a claim against the county must allege that plaintiff's injuries were the result of a county policy or custom, which plaintiff does not do. Similarly, plaintiff's complaint lacks any allegations that would support *personal* liability for the Eau Claire County Sheriff, nor does Section 1983 authorize a theory of supervisory liability. *Vining-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011).

The court of appeals has cautioned against dismissing a case brought by an unrepresented plaintiff without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will give plaintiff an opportunity to amend his complaint to state a valid federal claim. If he fails to do so by the date below, the case will be dismissed with prejudice and a strike will be recorded under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that

1) Plaintiff's complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2) Plaintiff may until **December 6, 2024,** to file an amended complaint that states a plausible claim under federal law. If he fails to file an amended complaint by December 6, this case will be dismissed with prejudice.

Entered this 15th day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge