IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARRYL BROWN,

                Plaintiff,                    OPINION AND ORDER

v.

                                              23-cv-834-wmc

DAVE RIEWESTAHL and
JOHN and JANE DOE 1-10,

                Defendants.

In a previous order, the court dismissed plaintiff Darryl T. Brown Jr.'s complaint for failure to state a claim for which relief could be granted. (Dkt. #8.) Plaintiff had alleged that Eau Claire County and Eau Claire County Sheriff Dave Riewestahl: (1) provided him with food containing glass while at the county jail; and (2) denied him access to the courts. As this court explained, Brown's allegations were insufficient to state a claim upon which relief could be granted, and he had not identified appropriate defendants. However, the court gave Brown an opportunity to file an amended complaint to allege facts that entitle him to relief against properly named defendants.

Brown has now filed an amended complaint (dkt. #9) that the court must again screen under 28 U.S.C. § 1915(e)(2). Brown's amended complaint provides more details regarding his injuries and requests for care, but unfortunately still falls short of stating an actionable claim under the Eighth Amendment.[1] Accordingly, the court will dismiss plaintiff's amended complaint with prejudice for failure to state a claim upon which relief may be granted and impose a strike under 28 U.S.C. § 1915(g).

---

[1] Brown does not appear to renew his First Amendment claim.

OPINION

In his amended complaint, plaintiff removed Eau Claire County as a named defendant, amended his claim to sue Sheriff Dave Riewestahl in his personal capacity, and added defendants John and Jane Doe 1-10. (Dkt. #9.) Specifically, plaintiff alleges that on October 23, 2023, he received food that contained glass as prepared by Kitchen FSD Manager Jane Doe and distributed by Shift Officer John Doe. (*Id.*) Plaintiff further alleges that the glass caused several cuts in his mouth. (*Id.*) After spitting out the glass and some blood, plaintiff notified Unit Officer John Doe about seeing a nurse, which took several hours. (*Id.*) An additional piece of glass was also allegedly discovered stuck in his gums a few days later. (*Id.*) Since this incident, plaintiff continues to experience pain and fear of consuming more glass. (*Id.*)

However disturbing, these facts do not amount to a federal constitutional or statutory claim. As an initial matter, 42 U.S.C. § 1983 does not authorize a theory of supervisory liability. *Vining-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Rather, a plaintiff must allege facts that support a finding that the supervisor "directed the conduct causing the constitutional violation, or . . . it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001) (internal citations omitted). Because there are no allegations made against Sheriff Riewestahl giving rise to a reasonable inference of direction, intent or consent to put glass in plaintiff's food, he cannot be liable solely for his role as a supervisor. Accordingly, plaintiff has not stated a claim against defendant Riewestahl.

As for plaintiff's Eighth Amendment claim, an isolated incident of being served contaminated food also does not rise to a constitutional violation by the other officers under any applicable standard. *Perez v. Sullivan*, 100 F. App'x 564 (7th Cir. 2004) (allegation that detainee became sick from single incident of being served spoiled milk failed to state claim); *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (one instance of food poisoning cannot state conditions-of-confinement claim). While an ongoing problem of foreign objects in jail or prison food *can* state a claim for deliberate indifference, *Green v. Beth*, 663 F. App'x 471 (7th Cir. 2016), plaintiff does not allege that he encountered glass in his food more than that one time. Thus, while the staff preparing plaintiff's food may be subject to a state law claim for negligence, that alone does not violate the Constitution. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Accordingly, plaintiff has not stated a federal claim against John and Jane Doe 1-10 either.

Ordinarily, the court should give a litigant representing himself an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). In dismissing plaintiff's initial complaint, the court explained that his allegation about glass in his food was insufficient to state a deliberate indifference claim without allegations that this was part of an ongoing problem. (Dkt. #8, at 3.) Because plaintiff had an opportunity to amend but did not fix this problem in his amended complaint, it appears that any further amendment would be futile.

ORDER

IT IS ORDERED that:

1) Plaintiff's amended complaint (dkt. #9) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2) The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3) The clerk is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered this 28th day of May, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge